## WOOD v. MILLING.

1. An acknowledgment by defendant, properly dated, endorsed on a summons to renew a judgment that the amount "stated to be due on said judgment is true and correct," when filed with the record of the judgment, would seem to be a sufficient "note of some written acknowledgment with the date of such acknowledgment filed with the record of such judgment," within the meaning of section 1831 of General Statutes, to continue the lien of the judgment for twenty years thereafter.
2. Where summons to revive a judgment is served within the twenty years of its lien, and the defendant at the same time consents to the revival, and acknowledges the debt to be due, the presumption of payment then ceases to run, and under an order of revival in such proceeding, the lien is continued for a further period of twenty years. The proceeds of a sale of defendant's land made by the sheriff under a junior judgment, more than twenty years after the original entry of this senior

judgment, but within a year after its revival, were primarily applicable to such senior judgment.

3. This case distinguished from *Henry* v. *Henry,* 31 S. C., 1.

Before PRESSLEY, J., Fairfield, September, 1889.

The opinion fully states the case.

*Mr. J. E. McDonald,* for appellant.

*Messrs. Ragsdale & Ragsdale,* contra.

March 25, 1890.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN. On February 18, 1869, the defendant, H. J. F. W. Coleman, confessed a judgment to his sister-in-law, Tempe Cockerell, for $5,854.07, for money of her's claimed to be in his hands. In October, 1871, Miss Tempe died, leaving a will, by which she gave her whole estate—including said judgment—to one Christopher C. Coleman and his children, charging it, however, with the life support of the defendant, Coleman, whom she appointed one of her executors, and he is now her only surviving executor.

On September 11, 1888, the defendant, Coleman, as executor, caused to be issued against himself, individually, a summons in the form required by law, to revive the judgment. On the original summons to revive the judgment, there appears the following endorsement: "I hereby acknowledge service of copy of the within summons to renew the execution and revive the judgment in the case therein stated; and I hereby consent to the renewal of said execution and the revival of said judgment, according to the force and effect of the former recovery, and I also acknowledge and admit that the amount therein stated to be due on said judgment is true and correct.   September 11, 1888.

"(Signed)          H. J. F. W. COLEMAN.

"Witness:   C. A. DOUGLASS."

On September 21, 1888, Judge Hudson granted the following order: "On hearing the summons herein, and due proof of service thereon on the defendant, and affidavit of no answer, demurrer, or notice of appearance, on motion of McDonald & Douglass,

it is ordered, that the said judgment be renewed and revived according to the force and effect of the former recovery, and that the said execution thereon be renewed and revived. It is further ordered, that the said judgment, set out in the body of said summons, be, and shall constitute, a lien upon the property of the defendant and judgment debtor for the amount alleged in said summons to be due."

In the meantime, in February, 1884, the plaintiffs, Wood & Boulware, also recovered a judgment against the defendant. Coleman, and had the land of Coleman, the defendant in execution, sold by Milling, the sheriff, on salesday of May, 1889. It brought $716, and the plaintiffs, claiming that theirs was the only legal and valid judgment against the said Coleman, and the only subsisting lien upon the land, demanded that the proceeds of sale should be applied to their judgment. The sheriff refused to make that application, upon the ground that there was in his office an older judgment, viz., that of the estate of Tempe Cockerell; and thereupon the plaintiffs brought their action for the money against the sheriff, and Coleman, the defendant in execution, was afterwards made a party defendant. The question was, which judgment, under the facts and the law, had priority.

Judge Pressley held that the judgment of the plaintiffs had priority over that of the estate of Tempe Cockerell, saying: "At the time of the levy of the plaintiffs' execution, more than twenty years had elapsed since the confession and entry of the judgment in favor of said Tempe Cockerell, deceased, against the defendant, Coleman; and no note of any payment or acknowledgment of the debt having been endorsed on the record of the said judgment until after the full lapse of twenty years, it was presumed to be paid. The act of 1879 (section 1831, General Statutes) applies to this judgment. As it simply changes the rules of evidence, and does not in any wise divest vested rights. I hold that it is not unconstitutional. The plaintiffs contest this judgment on other grounds, that it is not necessary to consider," &c.

From this decree the defendant, Coleman, appeals to this court on the following grounds:

"I. For that his honor erred in holding that the act of 1879 (Gen. Stat., § 1831) was applicable, under the facts of this case,

to the judgment set up by the defendant. II. For that his honor erred in not holding that said act is unconstitutional, in so far as intended to affect the lien of judgments obtained prior to the passage of the act (1879). III. In holding that said act simply changed the rules of evidence, and did not undertake to divest vested rights, and thereupon held that the defendant's judgment was not a lien upon the land sold under plaintiff's judgment, which was junior to that of the defendant. IV. In holding as follows: 'Even if the proceeding to revive it had been by *scire facias*, and in every way regular, it would have been ineffectual, the act of 1879 not having been complied with.' V. In holding, under the facts of the case, that the judgment of the defendant was presumed to be paid. VI. In holding, under the facts of the case, that the plaintiff's judgment was the only subsisting lien upon the land sold. VII. In not holding that the defendant's judgment was the first and oldest lien upon the land at the time of the sale. VIII. In not holding that the proceeding to renew and revive the judgment of Tempe Cockerell against H. J. F. W. Coleman did renew and revive the same, and that said renewal and revival made a new starting point of time from which the presumption of payment would run. IX. In holding and adjudging that the proceeds of sale, being the subject-matter of this action, were applicable to plaintiff's execution," &c.

Several questions have been elaborately argued here, as to which the Circuit Judge made no ruling. He confined himself to the question of priority between the judgments, as, according to his view, it was not necessary to consider any other. We must, of course, do the same.

Upon the subject of priority, the only thing necessary is to have a clear and distinct view of the facts and their respective dates. On February 18, 1869. the Tempe Cockerell judgment was entered. That was before the adoption of the Code (1870), when there was no limit to the lien of a judgment, except that it would be presumed to be paid after the lapse of twenty years, unless something in the meantime was done by the parties, which would give a new starting point to the running of the twenty years. On September 11, 1888, the executor instituted the usual proceeding by summons to show cause, to revive the judgment, of

which proceeding the defendant not only had notice and accepted service, but to which he consented, saying, in writing on the back of the original summons: "I also acknowledge and admit that the amount stated to be due on said judgment is true and correct." That was in time—"within the continuance of the lien"—within twenty years, being 19 years, 6 months, and a few days from the original entry of the judgment. We incline to think that acknowledgment would have been sufficient even under the new rule of evidence established by the act of 1879, which requires "a note of some written acknowledgment, with the date of such acknowledgment, to be filed with the record of such judgment." The acknowledgment was certainly as ample as it could be, and why was not the original summons to revive, with the endorsement on it, filed with the record of the judgment?

But, passing that, we do not think this is a case for the application of the statutory evidence required by the act of 1879, as in *Henry* v. *Henry* (31 S. C., 1), in which the application to revive was not made until after the full twenty years had elapsed. If Judge Hudson's order of revival had been made the very day on which the summons issued, viz., September 11, 1888, is it not quite clear that the provisions of the act of 1879 would not have touched the case at all? for, until the twenty years had fully expired, there could be no need for any "payments" or "acknowledgments" to give a new starting point for the time necessary to raise the presumption. We have, at this term of the court, just decided, in the case of *Adams* v. *Richardson* (*ante*, 139), that the institution of the proceeding to revive a judgment, which is served on the defendant, stops the running of time, as to the presumption of payment, in the same way as the commencement of an ordinary action stops the running of time as to the statute of limitations. In so far as the presumption of payment from lapse of time is concerned, we think that we must consider the matter with reference to the time when the proceeding to revive was instituted; and, therefore, that the revival was in time, and that when the land was sold, the Tempe Cockerell judgment then had a subsisting lien, which was the elder of the two, and entitled to have the proceeds of sale applied to it.

Of course, nothing is intended to be decided upon any of the

other questions made. except as to the point ruled by the Circuit Judge as to the priority of the judgments.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the cause remanded for such further proceedings as the parties may be advised.