## EWBANK v. EWBANK.

MORTGAGES—EQUITABLE MORTGAGES—NOTES—NEW PROMISE.—PAYMENT on note secured by equitable mortgage, after it is barred, renews the note and revives the equitable mortgage as between the original parties.

Before KLUGH, J., Greenville, September, 1901. Modified.

Action by Amy S. Ewbank against Herbert B. and Arthur L. Ewbank *et al.,* and from Circuit decree Arthur L. Ewbank appeals, and Herbert B. Ewbank is respondent.

*Messrs. Oscar Hodges* and *B. A. Morgan,* for appellant, cite: *Proceeds of lien property must be applied to lien:* 6 S. C., 74; 20 S. C., 542; 32 S. C., 280. *As to removal of lien of mortgage by lapse of time:* 10 Rich. Eq., 596; 29 S. E. R., 663; 2 Jones on Mtg., sec. 1198; 13 Ency., 2 ed., 794; 19 Ency., 289; 18 S. C., 473; 27 S. C., 262; 51 S. C., 330; 2 Jones on Mtg., secs. 1207, 1204; 18 Cal., 482; 141 U. S., 528; 168 U. S., 143; 2 Jones on Mtg., sec. 1202; Code, 131, 111, sub. 2 and 1, 112, sub. 1.

*Mr. Stanyarne Wilson,* contra (relies on Circuit decree).

August 11, 1902. The opinion of the Court was delivered by

MR. JUSTICE JONES. In this action for partition of real estate, a controversy arose between above named defendants

involving the statute of limitations, interposed by respondent against a claim by appellant to have respondent's interest in the premises applied to a note due by respondent to appellant, and secured by an instrument conceded to be an equitable mortgage of respondent's interest in the premises. The note was for $500, dated February 6, 1880, payable February 6, 1882, credited with $400, May 13, 1892. The master reported that it was admitted by counsel for Herbert B. Ewbank that the note is not barred by the statute, by reason of the payment of $400 on the note, May 13, 1892, and certain admissions or acknowledgments of the debt made by Herbert Ewbank, in letters written by him to Arthur Ewbank in the year 1899; and that it was further admitted, that as the testimony showed that Herbert Ewbank was at the time of the last payment a non-resident of this State and has remained continuously absent therefrom since that time, that the statute of limitations was suspended, and that it would not avail him as to the note, under sec. 121, Code. The contention was that the equitable mortgage given to secure the note was barred. The master reported against this contention in the following language:

"The question thus presented is one of some difficulty of determination, on account of the apparent absence of any direct adjudication of the matter by our own Courts. In the case of *Nichols* v. *Briggs,* reported in 18 S. C., page 473, it was held that although the note be barred by the statute, that the mortgage given to secure it was not barred, and could be enforced within twenty years from the date of its execution. The Court, in this same case, quoting with approval from 1 Hill Mort., sec. 3, used the following language: 'A mortgage being given as a security for a debt, the general rule is that no mere change in the mode or time of payment, nothing short of an actual payment of the debt or an expressed release, will operate as a discharge of the mortgage. The lien lasts as long as the debt.' 'In equity, a mortgage is always regarded merely as a security for the debt. The debt is the principal and the mortgage

an incident only.'   Sec. 1207, vol. 2, Jones on Mortgages. The same author, in the same section, used the following language: 'So long as the statute does not bar a recovery on the note, it does not bar a foreclosure of the mortgage. If by non-residence of the mortgagor, time be deducted from the period of limitation, so that an action on the debt is not barred, neither is an action to foreclose the mortgage barred.'   It seems to me that when a note and mortgage is barred, and when a subsequent part payment, promise or acknowledgment is made, that it renews the mortgage, so far as it affects the mortgagor's interests in the premises. Sec. 1202, 1 Jones on Mortgages."

The master was reversed by the Circuit Court for reasons thus stated: "There is practically but one question raised by the exceptions, and that is whether the instrument of writing given as security to the above note in controversy is barred by the statute of limitations. The master rightly holds that said writing, under the authority of *Brice* v. *Massey,* 35 S. C., 127, is an equitable mortgage, and that being without seal, it was barred after six years. *Arthur* v. *Screven,* 39 S. C., 77. The note secured by said instrument matured February 6th, 1882. Payments were made on it down to February, 1884, after which no payment was made until May, 1892, a period of more than eight years. It is conceded that both the note and equitable mortgage were barred at the date of the last mentioned payment, and it is also conceded that said payment removed the bar of the statute as to the note. *Park* v. *Brooks,* 38 S. C., 300. But the position of the defendant, H. B. Ewbank, as set forth in his fifth exception, is that 'the payment on the note made May 13th, 1892, was a new promise, made for the payment of the debt only, and not a promise to renew a security previously given for the debt. It seems to me that this position must be sustained. As said by the master, and so far as my researches go, there is an apparent absence of direct adjudication on this point by our Court. But the authorities cited by the master go to show that the note

and mortgage are regarded as separate and distinct evidences of securities for the debt; so much so, that where the note is barred and the mortgage not, as in the case of *Nichols* v. *Briggs,* 18 S. C., 473, or where the note is void for alteration and the mortgage is not so affected, as in the case of *Pyles* v. *Elliott,* 19 S. C., 257, recovery may still be had on the mortgage, although the right of action on the note is lost. And the doctrine is well settled that where the principal on a note renews it by a payment or a new promise, whether before or after the bar of the statute has fallen, such renewal does not bind the surety. *Walters* v. *Kraft,* 23 S. C., 578. And it seems that such new promise does not revive the negotiability of a bill or note originally possessing that incident, but only revives the bare contract to pay. 1 Pars. Contr. (6th ed.), 434. So that whether the mortgage be regarded as an incident of the debt or as a contract for its security or payment, it is not revived by a mere revival of the note, but must be revived, if revived at all, by an explicit contract to that effect."

We think the view taken by the master is correct. A mortgage is an incident to the debt it secures. It follows the debt when the debt is assigned, and it is discharged in whole or in part when the debt is paid in whole or in part. It would seem to follow logically that the legal effect of a payment upon a note in renewing or reviving the debt, or preventing the bar of the statute, would also apply to the mortgage as incident thereto certainly as between the original parties. It is true, that in this State a payment which prevents the bar of the statute and preserves or renews the remedy is or implies a new promise to pay the balance due upon the old debt, which should be alleged upon as a new cause of action. *Fleming* v. *Fleming,* 33 S. C., 505, 12 S. E. R., 527. This, however, does not separate the mortgage from the debt, which is the same debt in a new form. Such new promise is not substantially different from a renewal or substantial obligation, which would not affect the lien of a mortgage given to secure the original debt. No

mere change in form of the debt secured by mortgage will impair the lien of the mortgage. *Gibbes* v. *R. R. Co.,* 13 S. C., 253; *Burton* v. *Pressly,* Cheves Eq., 1.   While we have found no case in this State directly deciding the point in controversy, upon principle we think it must be held, with reference to the statute of limitations, and as between the original parties, that the lien of a mortgage exists and is enforceable so long as the debt which it secures exists and is enforceable.   The authorities in other jurisdictions sustain this view.   *Schmucker* v. *Sibert,* 18 Kan., 104, 26 Am. Rep., 765; *Bottles* v. *Miller* (Ind.), 14 N. E. Rep., 732; *Murray* v. *Emery* (Ill.), 58 N. E. Rep., 328; *Harper* v. *Edwards* (N. C.), 20 S. E. Rep., 393; *Kenaston* v. *Lorig* (Minn.), 84 N. W. Rep., 323, 81 Minn., 454; *Johnson* v. *Johnson,* 81 Mo., 331.   See, also, 19 Am. & Eng. Law, 2 ed., 289.

The defendant, Arthur L. Ewbank, is, therefore, entitled to have the proceeds of the sale of Herbert B. Ewbank's interest in said land, or so much as may be necessary to satisfy his debt, applied to said debt for which judgment was rendered by the Circuit Court.

The decree of the Circuit Court is modified in accordance with the views herein announced.