## LYLES v. LYLES.

MORTGAGES—LIENS.—Code 1902, 2449, was intended to declare a rule of evidence to rebut the presumption of payment of judgment and mortgages, and under it the lien of a mortgage is good for twenty years after the note secured thereby becomes due, although the mortgage itself, counting from the date of its execution, is more than twenty years old.

*Divided Court.*

Before GARY, J., Fairfield, June, 1904. Affirmed.

392                         LYLES v. LYLES.

Action in foreclosure by Wm. H. Lyles and Thomas Lyles, as executors of Thos. M. Lyles, against Belton E. Lyles. From Circuit decree, defendant appeals.

*Messrs. Ragsdale & Dixon,* for appellant, cite; 24 Stat., 87; 10 S. C., 224; 18 S. C., 474; 26 S. C., 337; 31 S. C., 1; 34 S. C., 468.

*Mr. J. E. McDonald,* contra, cites: Code 1902, 2449; 2 Jones on Mtgs., sec. 1207; 1 Hill. on Mtgs., sec. 3; 18 S. C., 473; 64 S. C., 437; Code of Proc., 111; 51 S. C., 327; 31 S. C., 1; 32 S. C., 139, 382; 33 S. C., 359.

April 15, 1905.  The opinion of the Court was delivered by                                                               .

MR. CHIEF JUSTICE POPE.  This was an action to foreclose a mortgage of real estate commenced on the 25th day of November, 1901.  The mortgage on 240 acres of land was executed on the 19th day of February, 1881, and duly recorded in the office of the register of mesne conveyances of Fairfield County, in said State, on the 7th day of March, 1881.  The mortgage was executed to better secure the payment of a bond, in fact, executed on the 19th day of February, 1881, the same day of the execution of the mortgage, which bond was in the penal sum of $1,078.31, conditioned for the payment of the full and just sum of $539.15, on the first day of December, 1881, without interest, until the maturity of said bond, by the defendant, Belton E. Lyles. Originally the bond and mortgage were executed to one Thomas W. Traylor and his assigns.  The bond was next assigned, for valuable consideration, on the first day of February, 1882, to T. D. Feaster, and thereafter on the 13th day of December, 1887, for a valuable consideration, the said bond and mortgage were assigned and transferred by the said T. D. Feaster to one Thomas M. Lyles, which said Thomas M. Lyles was adjudged to be a person *non compos mentis,* and on the 31st day of January, 1899, one Amos E.

Davis was duly appointed by the court of probate of Fairfield County the guardian of the person and estate of the said Thomas M. Lyles, and as such became the holder of the aforesaid bond and mortgage; and the said Amos E. Davis began this action for the foreclosure of this mortgage on the 25th day of November, 1901; but subsequently, on the death of the said Thomas M. Lyles, the present plaintiffs, William H. Lyles and Thomas Lyles, as executors of the last will of Thomas M. Lyles, deceased, were substituted, by the order of Judge James Aldrich, the plaintiffs herein instead of Amos E. Davis, they being the lawful holders of said bond and mortgage of their testator.

It is admitted by the defendant, Belton E. Lyles, that the plaintiffs, as executors as aforesaid, are entitled to a judgment against the defendant for the amount due upon the bond hereinbefore recited, but the defendant denies that the mortgage hereinbefore referred to is a valid and subsisting lien upon his two hundred and forty (240) acres of land, because he says that under the laws of this State said mortgage ceased to be a lien on said lands after the 19th day of February, 1901, more than twenty years having expired since the creation of the lien of said mortgage, there being no note of payment on account or written acknowledgment of the debt upon the record of the mortgage.   The cause came on to be heard by his Honor, Ernest Gary, Circuit Judge, who rendered his decree on the 17th day of June, 1904, which held that the plaintiffs were entitled to a judgment in foreclosure of the mortgage of land sued upon herein.   The following extract from the decree we deem sufficient to put before us the issues passed upon by him:

"Counsel for the defendant contends, that under the provisions of section 2449 of vol. 1, of Code, the lien of the mortgage sought to be foreclosed is extinguished, as more than twenty years have elapsed since it was executed.   The language of the Code is: 'No mortgage, or deed having the effect of a mortgage, no judgment, decree or other lien on real estate, shall constitute a lien upon any real estate after

the lapse of twenty years from the date of the creation of the same.' While it is true that since the execution of the mortgage and the commencement of the suit, a period of twenty years, nine months and four days have elapsed, yet I am of the opinion that the lien of the mortgage is still of force. The bond secured by this mortgage became due and payable, not from the date of its execution, but on the first day of December, 1881. So we find that since the bond became due and payable, there is a lapse of nineteen years, eleven months and twenty-four days. So the question is narrowed down to when the statute begins to run, from the execution of the mortgage or from the breach of the condition of the bond; my conclusion is, that it runs from the breach of the bond. The words of the statute are, 'from the date of the creation of the same.'

"When was the lien created, certainly not from the execution of the mortgage. The plaintiff could not have brought his suit to foreclose at that time, for the reason that there was no breach of the condition of the bond, and consequently no lien that could have been enforced. True, it is that the lien of the mortgage would be referred back to the date of its execution to preserve an equity, but no such lien as the statute contemplated at the date of its execution as would give currency to the statute.

"For the foregoing reasons I think the lien of the mortgage was not barred at the commencement of this action. It is, therefore, ordered, that the same be foreclosed. It is further ordered, that plaintiffs have leave to apply at the foot of this decree for such order as may be necessary to carry into effect this decree, as I have not before me sufficient of the records to render a complete judgment."

And from this decree the defendant, Belton E. Lyles, has appealed upon the following grounds:

"1. Because his Honor erred in that he should have held, that as more than twenty years had elapsed from the time of the execution of the mortgage described in the complaint to the time of the commencement of this action, that the said

mortgage had lost its lien under and pursuant to the provisions of section 2449 of the Code of Laws of 1902, and he should have declined to order any foreclosure of the same in this action.

"2. Because having found as matter of fact that more than twenty years had elapsed from the date of the mortgage to the commencement of this action, his Honor erred in holding 'that the lien of the mortgage is still of force.'

"3. Because his Honor erred in holding as follows: 'When was the lien created, certainly not from the execution of the mortgage. The plaintiff could not have brought his suit to foreclose at that time, for the reason that there was no breach of the condition of the bond, and consequently no lien that could have been enforced.' The error being (1) that lien of the mortgage was created, *ex necessitate rei* at the date of the execution of the mortgage; (2) that the lien is confounded with the cause of action, which in legal contemplation is entirely distinct therefrom.

"4. Because his Honor erred in holding that 'the statute' (section 2449 of the Code of Laws of 1902) 'begins to run from the breach of the bond,' such construction being contrary to the express words of the statute, which has no reference whatever to the bond."

It is unnecessary to encumber this opinion with any reference to the issues herein involved except the lien of the mortgage. Section 2449 of the Code of Laws of 1902 reads as follows: "No mortgage or deed having the effect of a mortgage, no judgment, decree or other lien on real estate, shall constitute a lien upon any real estate after the lapse of twenty years from the date of the creation of the same: *Provided,* That if the holder of any such lien or liens as aforesaid shall, at any time during the continuance of such lien, cause to be recorded upon the record of such mortgage, or deed having the effect of a mortgage, or shall file with the record of said judgment, decree or other lien, a note of some payment on account or some written acknowledgment of the debt secured thereby, with the date of such payment

or acknowledgment, such mortgage, deed having the effect of a mortgage, judgment, decree or other lien, shall be and continue to be a lien for twenty years from the date of the record of any such payment on account or acknowledgment: *Provided, further,* That nothing herein contained shall be construed to affect the duration of the liens of judgments as prescribed by section 309 of the Code of Procedure: *Provided, further,* That on and after the first day of January, 1902, the provisions of this act shall apply to all mortgages; those executed prior to the 24th day of December, 1879, as well as to those executed since that date."

This provision of the law was enacted by the General Assembly of this State in the year 1879, which was anterior to the creation of this debt and the mortgage given to secure it. While the force of the reasoning of the appellant's attorneys is admitted to be strong, because it is based upon the language itself of section 2449, already quoted, and that there is no ambiguity in the language used by the legislature, which requires that the act shall be construed as it is written (Potter's Dwarris on Statutes, pages 143 and 144) ; and the fact that the General Assembly of this State has, by the act of 1903 (24th Statutes at Large, page 87), so amended section 2449 of the Code, *supra,* as to exclude the mortgages on real or personal property by railroads from said section, relating, as the section does, to the date of the creation of the lien; and the further fact that, by the decisions of this Court, bonds, notes and mortgages on real estate, given to secure the same, have been held to be so essentially distinct as that the bar of the statutes, which applies to the bond or note, will not be allowed to shut off a recovery upon the mortgage itself given to secure the same (*Cleveland* v. *Cohrs,* 10 S. C., 224; *Nichols* v. *Briggs,* 18 S. C., 474) ; yet, in accordance with the dictates of natural justice and a recent adjudication of our own Court, as we hope to show, we have changed the adverse view to which we were at first inclined, and are now led to support the judgment of the Circuit Judge. It is suggested that the act of 1879, which is now section 2449

of our Code, was but a new rule of evidence whereby the bar of the statute of twenty years was to give place to an evidence of the non-payment of the debt secured by the mortgage, by providing that a note of payment on account, or some written acknowledgment of the debt, if recorded on the record of the mortgage, would give a fresh start to the statute of twenty years from the date of such entries on the record.

In the case at bar, the defendant-appellant admits that the debt secured by the mortgage is a valid and subsisting obligation, which he consents may be so adjudged by this Court, both the bond and the mortgage being admitted to fall within the provisions of section 111 of our Code of Procedure, which gives twenty years as the time within which suit may be brought. It seems to us that the decision of this Court in the case of *Ewbank* v. *Ewbank,* 64 S. C., 434, 438, 42 S. E., 194, is conclusive of this matter. There Mr. Justice Jones, as the organ of this Court, declared : "No mere change in form of the debt secured by mortgage will impair the lien of the mortgage. *Gibbs* v. *R. R. Co.,* 13 S. C., 253; *Burton* v. *Pressly,* Cheves Eq., page 1. While we have found no case in this State directly deciding the point in controversy, upon principle we think it must be held, with reference to the statute of limitations, and *as between the original parties,* that the lien of a mortgage exists and is enforceable. The authorities in other jurisdictions sustain this view. *Schumacker* v. *Sibert,* 18 Kan., 104, 26 A. M. Rep., 765; *Bottles* v. *Miller* (Ind.), 14 N. E. Rep., 732; *Murray* v. *Emery* (Ill.), 58 N. E. Rep., 328; *Harper* v. *Edwards* (N. C.), 20 S. E. Rep., 393; *Kenaston* v. *Lorig* (Minn.), 84 N. W. Rep., 323; *Johnson* v. *Johnson,* 81 Mo., 331. See, also, 19 Am. & Eng. Law, 2 ed., 289" (italics ours).

If this be sound law, and this Court has so decided, we do not see how we can escape the conclusion of the Circuit Judge.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY, *concurring.* This is an action to foreclose a mortgage of real estate, executed to secure the payment of a bond, payable on or before the 1st of December, 1881. The mortgage bears date the 19th of February, 1881, and was recorded on the 7th of March, 1881. This action was commenced on the 25th of November, 1901. His Honor, the Circuit Judge, ruled that the action was not defeated by reason of the fact that there was a failure to comply with the provisions of the act of 1879, which is set out in the opinion of Mr. Chief Justice Pope. We base our concurrence in that opinion on two propositions that are fully supported by the authorities in this State. First, that the statute was not intended to limit the duration of a lien, created by judgment or mortgage, nor to affect any previously existing right, but its sole intention was to declare a rule of evidence to rebut the presumption of payment. Second, that the presumption of payment does not arise until there is a right of action on the debt secured by the mortgage.

Our first proposition is sustained by the case of *Henry* v. *Henry,* 31 S. C., 1, 7, 9 S. E., 726, in which the Court says : "We must ascertain the old law which this act was designed to amend. Conceding that under that law there was no limit to the duration of the lien of a judgment or mortgage, yet it was well settled that after the lapse of twenty years, the debts secured by such liens, were presumed paid, and thus the liens were extinguished, but still such presumption could be rebutted by proof of some payment on account, or some such positive acknowledgment, as would imply a promise to pay. This being the state of law, it seems to me that the object of the act, was not to limit the duration of such liens, but simply to *declare* (and it is noticeable that such was the word used in the title), what should be the evidence of such payment or new promise as would be sufficient to rebut the presumption of payment. Under the old law neither a judgment nor a mortgage after the lapse of twenty years, constituted a lien, because of the presumption of payment, which, though susceptible of being rebutted by evidence, the nature and kind of

such evidence was not distinctly defined, and the object and effect of the act was to *declare* what should be, after the passage of the act, the kind of evidence necessary to rebut the presumption of payment. The act in substance declares that no judgment or mortgage shall constitute a lien after the lapse of twenty years, unless some note of payment on account or some written acknowledgment of the debt is recorded on the record of the mortgage, or filed with the record of the judgment, the only alteration being in the *rules of evidence,* not in any wise affecting the previously existing *right."* The principles of the case last mentioned are affirmed in *Wood* v. *Milling,* 32 S. C., 378, 10 S. E., 1081.

In support of our second proposition, we quote from the case of *Brown* v. *McCall,* 3 Hill, 335, as follows: "In general, after a lapse of twenty years, the law will presume that to have been done, which should have been. But when does the time begin to run? If a man enter into a bond with a condition to pay money, or to perform any other act, presently, after twenty years the presumption of payment will arise. But if the condition be, that he will pay the money, or do the act, at the expiration of ten or twenty years, then I apprehend the presumption does not arise, until twenty years after the time stipulated for performance."

To the same effect is Wood on Lim. of Actions (section 172), in which it is said: "It must be borne in mind that, unless the instrument or obligation creates a present right of action, the presumption like the statute only attaches from the time when the right of action accrued."

In the case of *Suber* v. *Chandler,* 18 S. C., 526, it was held that the statute of limitations is inert and inoperative until a right of action arises, and very properly overruled *McGowan* v. *Hitt,* 16 S. C., 602. The same rule applies to presumptions.

In the case of *Curtis* v. *Renneker,* 34 S. C., 468, 491, 13 S. E., 664, the mortgage was executed on the 27th of March, 1867, to secure a bond payable in six, nine and twelve months

after date. The action to foreclose the mortgage was com-
menced on the 15th of March, 1888. Among other things
the Circuit Judge ruled that the failure to comply with the
requirements of the statute defeated the right of action on
the mortgage. This Court said: "If the view taken by the
Circuit Judge should prevail, then it would be possible and
perhaps not improbable that a mortgage might lose its lien
before any right of action to enforce it could arise. If a
mortgage debt should be made payable more than twenty
years after the date of the mortgage, as is known to be the
case with mortgages on railroads, then the lien would be lost
before any right of action could arise, unless, perhaps, there
had been default in the payment of interest in the meantime."

Suppose, then, a mortgage was executed to secure payment
of a bond that was not to mature until the expiration of
twenty years. The right of action, of course, would not arise
until the bond became payable. Yet we would have the
anomalous condition of a mortgage being defeated. by the
presumption of payment before its maturity, and before a
right of action arose thereon, unless it is held that the pre-
sumption does not commence to run until maturity. To
hold otherwise, we must necessarily conclude that the statute
was not merely intended to declare a rule of evidence to
rebut the presumption of payment, but also to affect the
rights of parties by creating a new presumption, which the
case of *Henry* v. *Henry, supra,* shows was not the intention
of the statute.

The foregoing construction of the statute leaves sections
94 and 111 of the Code in full force, by which it is provided
that a mortgagee has the right to foreclose his mortgage at
any time within twenty years after the debt becomes payable.

For these reasons we concur in the opinion of Mr. Chief
Justice Pope.

MR. JUSTICE WOODS, *dissenting.* I dissent. Section
2449 of the Civil Code, quoted in the opinion of the Chief
Justice, provides that the lien of a mortgage shall cease at

the expiration of twenty years from its *date,* unless the holder shall, while the lien is in existence, cause to be recorded on the record of the mortgage, a note of some payment on account or some written acknowledgment of the debt secured thereby, with the date of such payment or acknowledgment. The question is what effect, if any, does this act have upon sections 111 and 94 of the Code of Procedure, which provide in substance that an action may be brought upon a mortgage, which is "a sealed instrument other than a sealed note and personal bond for the payment of money only," at any time within twenty years after its *maturity.* If this question as to the effect of section 2449 of the Civil Code could be regarded an open one, I should be inclined to hold that the memorandum of payment and the written acknowledgment required by the act "to be recorded upon the record of such mortgage," was intended for the protection of subsequent creditors and purchasers, and not to impair the lien of the mortgage as to other persons so long as the debt was not barred under the terms of sections 94 and 111 of the Code of Procedure. The limitation of the application of the act to cases where the rights of subsequent creditors and purchasers arose, I venture to think, would be supported by the cases of *Loyns* v. *Tedder,* 7 S. C., 69; *Fowke* v. *Woodward,* Speer's Eq., 233; *Gibbes* v. *Cobb,* 7 Rich. Eq., 54. In the last two cases, it was decided that a marriage contract was good between the parties, and lack of record only affected the rights of subsequent creditors and purchasers, although the act of 1823 made no reference to the protection of third parties, and provided: "That no marriage settlement shall be valid until recorded in the office of the Secretary of State, and in the office of the register of mesne conveyances of the district where the parties reside: *Provided,* That the parties shall have three months to record the same, and if not recorded within three months, the same shall be null and void" (6 Stat., 213). This view of section 2449 would also avoid any inconsistency between that section and section 111 of

26—71.

the Code of Procedure, and not require that section 111 should be considered amended by section 2449.

The Court, however, took a different view of section 2449 in *Henry* v. *Henry,* 31 S. C., 1, 8, 9 S. E., 726, and used this language: "Under the old law, neither a judgment nor a mortgage after the lapse of twenty years constituted a lien, because of the presumption of payment, which though susceptible of being rebutted by evidence, the nature and kind of such evidence was not distinctly defined, and the object and effect of the act was to *declare* what should be, after the passage of the act, the kind of evidence necessary to rebut the presumption of payment. The act in substance declares that no judgment or mortgage shall constitute a lien after the lapse of twenty years, unless some note of payment on account or some written acknowledgment of the debt is recorded on the record of the mortgage, or filed with the record of the judgment; the only alteration being in *the rules of evidence,* not in any wise affecting the previously existing *right."* See, also, *Wood* v. *Milling,* 32 S. C., 378, 10 S. E., 1081.

It is true, that these cases involved the consideration of judgments entered before the adoption of the Code of Procedure, and it is also true that, in general, as to an ordinary mortgage, there is no presumption of payment, because it falls under the terms of the statute of limitations. Nevertheless, in them it was held that full effect is to be given to section 2449, even when the rights of subsequent creditors and purchasers without notice are not involved, and that the only means by which the *lien* of the mortgage *can be preserved* after twenty years from its date is that indicated by the statute. It is manifest, however, that the act does not change the statute of limitations prescribed by section 111 of the Code of Procedure as to the debt represented by a mortgage, but only as to the lien securing such debt. The provisions of section 2449 do not prevent the recovery of an ordinary money judgment for the mortgage debt, unless it is barred under section 111 of the Code of Procedure, but

it does prevent foreclosure of the mortgage twenty years after its date unless the mortgagee shall "cause to be recorded upon the record of such mortgage * * * a note of some payment on account, or some written acknowledgment of the debt secured thereby, with the date of such payment or acknowledgment," because after that time there is no lien to foreclose. A suit may, therefore, be brought on a mortgage at any time within twenty years *after its maturity* under sections 94 and 111 of the Code of Procedure, to recover the debt evidenced by it, but after twenty years from the *date of the mortgage* the debt cannot be enforced by foreclosure of the lien, unless kept alive in the manner provided in section 2449, because under that section the lien would then be gone.

The case of *Ewbank* v. *Ewbank,* 64 S. C., 434, 42 S. E., 194, relied on in the opinion of the Chief Justice, seems to me to have no application whatever, for the reason that it does not appear from the report of the case that the action was commenced more than twenty years after the execution of the equitable mortgage there under consideration, and the effect of section 2449 was, therefore, not discussed by counsel nor considered in the opinion of the court. The general principle announced in that case is that a payment on a note secured by an equitable mortgage renews the note and revives the equitable mortgage as between the original parties; in other words, that the mortgage lien will not be barred so long as the debt is in existence. But the legislature has seen fit to modify that rule by providing in the act here under consideration that the lien of the mortgage shall cease twenty years after its date, unless kept in force in the manner therein provided.

More than twenty years in this case had elapsed from the date of the mortgage, its lien had not been kept in force in the manner required by the statute, and the plaintiff was, therefore, not entitled to a judgment of foreclosure and sale.

For these reasons, I think the decree of the Circuit Court

should have been that the plaintiff be allowed to enter judgment for the debt, but without foreclosure and sale to enforce its payment.

MR. JUSTICE JONES *concurs in this opinion.*