14429

BOYD v. BOYD *ET AL.*

(189 S. E., 794)

Mr. *Randolph Murdaugh*, for appellants,

Messrs. *Edgar A. Brown* and *J. E. Watts, Jr.*, for respondent

February 5, 1937.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The "statement" contained in appellants' brief, and adopted by respondent, is as follows:

"This action, instituted on the 7th day of October, 1931, is for the foreclosure of a mortgage given by F. H. Boyd to Elise B. Walker on the 18th of October, 1909, securing a bond in the sum of four thousand seven hundred fifty ($4,750.00) dollars, payable fifteen hundred ($1,500.00) dollars cash, one thousand ($1,000.00) dollars on December

1, 1910, one thousand ($1,000.00) dollars on December 1, 1911, and one thousand two hundred fifty ($1,250.00) dollars on December 1, 1912. On the 22d day of December, 1920, the bond and mortgage were assigned to Minnie C. Boyd, respondent.

"The appellants, receivers of the Peoples State Bank of South Carolina, are the owners of a mortgage given by F. H. Boyd on the 12th of August, 1925, to one Blanche Gray Cloy, which came into the possession of the receivers by divers assignments. The answer of the receivers alleges that the mortgage set forth in the complaint no longer constitutes a lien upon the premises described therein, because the indebtedness evidenced by the said bond and secured by said mortgage has heretofore been paid in full. They further allege that the mortgage set forth in the complaint no longer constitutes a lien upon the premises therein described because this action was not commenced until October, 1931, and that the lien of said mortgage had expired prior to that date by virtue of the provisions of Section 8864 of the Code of Laws of South Carolina 1932.

"The case was referred to a special referee to take the testimony and report the same to the Court. The matter thereafter came on to be heard before Judge Sease, who decided in favor of the respondent, holding that the lien of said mortgage had not expired and that the indebtedness secured thereby had not been paid. From this decree, the appellants have appealed upon the exceptions set out in the record."

The record reveals that the mortgage itself, and the record thereof, show that there is no maturity date stated or fixed in the mortgage or the record of the same and that the holder of such mortgage did not cause to be recorded upon the record of same a note of some payment on account or some written acknowledgment of the debt secured thereby, with the date of such payment or acknowledgment.

The main question, in fact the only question necessary to be passed upon is: Does the mortgage sought to be foreclosed constitute a lien on the premises therein described?·

Section 8864 of the Code of 1932, is as follows:

*"Liens on Real Estate of No Force after Twenty Years.*—No mortgage, or deed having the effect of a mortgage, no judgment, decree or other lien on real estate, shall ˙constitute a lien upon any real estate after the lapse of twenty years from the date of the maturity of the same: Provided, That if the holder of any such lien or liens, as aforesaid, shall, at any time during the continuance of such lien, cause to be recorded upon the record of such mortgage, or deed having the effect of a mortgage, or shall file with the record of such judgment, decree or other lien, a note of some payment on account, or some written acknowledgment of the debt secured thereby, with the date of such payment or acknowledgment, such mortgage, deed having the effect of a mortgage, judgment, decree or other lien, shall be, and continue to be, a lien for twenty years from the date of the record of any such payment on account or acknowledgment: Provided, further, That nothing herein contained shall be construed to effect the duration of the liens of judgments as prescribed by the Code of Procedure: Provided, further, That on and after the first day of January, 1902, the provisions of this section shall apply to all mortgages, those executed prior to the 24th day of December, 1879, as well as to those executed since that date: Provided, further, That where there is no maturity stated or fixed in the mortgage or the record of same, then the provisions hereof shall be applicable from the date of such mortgage and such mortgage shall not constitute a lien after the lapse of twenty years from the date thereof."

The able and exhaustive opinion of Mr. Chief Justice Stabler in the case of *Aiken Mortgage & Realty Co. v. Altman et al.* (S. C.), 189 S. E., 217, filed January 5, 1937,

construing this statute, and in which he discusses the former opinions of this Court, disposes of all contentions of respondent, save one phase which we will pass upon directly. In view of the opinion in the *Altman case,* so recently decided, it would be a work of supererogation to attempt to add to or enlarge upon any question of law therein considered.

Section 8864, as originally passed in 1879, from time to time, has been amended, but all amendments thereto had been made prior to the execution of the mortgage in question, except the one in 1924 (Act March 5, 1924, 33 St. at Large, page 990), the main portion of which appears as the last proviso in said section.

It is the position of respondent that the Act of 1924 is unconstitutional if it be held to apply to mortgages given prior to the passage of the act—if the legislature intended this statute to have a retroactive operation. This position may be tenable if the statute was one of limitation, but this Court has held that its sole intention was to declare a rule of evidence to rebut a presumption of payment, and, as stated in *Henry v. Henry,* 31 S. C., 1, 9 S. E., 726, 727, "All the authorities agree that the right to have one's controversies determined by the rules of evidence existing at the time the contract is entered into is not a vested right, and therefore may be changed by retroactive legislation, without any violation of the constitution."

The respondent had more than five years in which to conform with the requirements of the new law, and it cannot be said that this was not a reasonable time.

When the Act of 1925, amending Section 5305 of the Civil Code of 1922 (as then amended, becoming Section 8864, Code of 1932), changed the word "creation" to the word "maturity," it was necessary to make provision for mortgages or the record thereof silent as to maturity date. This could be done in one of two ways, the manner adopted, or inserting immediately after the word "same" on the fourth

line of Section 8864, with the conjunction "and" being used for the words, "Provided, further, That."

If the statute had not been amended in 1924, respondent would have had no lien after twenty years from the creation thereof, and it cannot be contended with any justification that the statute as amended in 1924 intended to give mortgagees, whose mortgages were dated prior to 1924, and carried no maturity date, or the record thereof showed no maturity date, an advantage over mortgagees whose mortgages carried a maturity date or a maturity date was shown on the record thereof.

Having sustained appellants' exceptions 3 and 4, it becomes unnecessary to pass upon the other exceptions.

The judgment of the Circuit Court is reversed, and the case remanded to that Court for the procurement of such further orders in connection with the claim and mortgage of appellants as may be proper.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.