14449

THOMLINSON v. MOFFETT *ET AL.*

(190 S. E., 254)

March, 1932.

*Mr. John P. Grace,* for appellant,

*Messrs. Huger, Wilbur, Miller & Mouzon,* for respondents,

March 5, 1937.

The opinion of the Court was delivered by MR. A. L. GASTON, ACTING ASSOCIATE JUSTICE.

This appeal relates to the rights of the parties under Section 8864 of the Code of 1932, to the effect that liens on real estate by way of mortgages or judgments are of no force after the lapse of twenty years from the date of maturity of the same, provided that if the holder of such lien shall during the continuance of the lien "cause to be recorded upon the record of such mortgage * * * a note of some payment on account, or some written acknowledgment of the debt secured thereby, with the date of such payment or acknowledgment," then such mortgage lien "shall be, and continue to be, a lien for twenty years from the date of the record of any such payment on account or acknowledgment."

The undisputed facts show that on December 30, 1910, George H. Moffett, Esq., executed his bond for $4,500.00 payable one year from said date, secured by his mortgage upon his real estate known as 55 Broad street in the city of Charleston, and delivered the same to Mary M. Delaney, the appellant. The interest was paid regularly and on the 21st day of November, 1932, $1,000.00 was paid on the principal. On the same date the defendant, Mr. Moffett, had recorded, across the record of the mortgage, a statement that $50.00 had been paid on account of the principal and that the mortgage was a valid lien on the property in question. This entry

was made and recorded about eleven months after the expiration of twenty years from the maturity date of the bond and mortgage.

The defendant Moffett did not plead the benefits of this statute, but defaulted, and testified as a witness that he still considers the Delaney debt as a good and valid obligation.

The plaintiff holds a second mortgage upon the premises, executed by Moffett on the 26th day of October, 1917, to secure a debt for $6,000.00, due in one year from date thereof. This action was brought by the plaintiff to foreclose her mortgage. The complaint alleges that the lien of the Delaney mortgage had expired. The Master so found and his report was confirmed by his Honor, E. C. Dennis, who by his decree sustained the plaintiff's mortgage and ordered that the land be sold to satisfy the plaintiff's mortgage. He held that the lien of the Delaney mortgage had expired and that she was entitled to enter up judgment against the defendant Moffett, for the amount due on the bond held by her and executed by him. Mary M. Delaney appeals from the Circuit Court decree.

The appellant states the first issue to be as follows, to wit: "The question of law involved is whether Section 8864 of the present Code gives to a junior mortgagee the right to plead the section in bar of the lien of a senior mortgagee although the mortgagor, being alive, expressly waives the benefit of the statute and acknowledges the debt and the lien, no new acknowledgment having been entered of record within the twenty year period."

The gist of the appellant's argument on this issue is that a mortgage lien is made by a contract, by agreement of the parties to the debt, and the mortgagor still recognizes his contract. Appellant further contends that the plaintiff acquired a second lien upon the real estate within the twenty-year period, with knowledge of the first mortgage lien, and

that as the holder of the second lien thus created she is not protected by the statute. The appellant bases her contention upon the theory that it was the right of the debtor to plead the presumptions of payment after twenty years under the common law; that such right was personal to him, if living, and to those who stood in privity with him; and that the statute of limitation affecting property is available as a plea only to one who has some right of property; that no debt can be barred between the parties when, as in this case, the debtor himself acknowledges the debt. This precise question was decided in *Aiken Mortgage & Realty Company v. Altman,* 189 S. E., 217, by this Court in a learned opinion by Mr. Chief Justice Stabler, rendered in a case which was heard at the same term of Court with the present case, on appeal. Mr. Justice Stabler reviews all of the decisions in this State, and the Court reached the unanimous opinion in that case contrary to the contention of the appellant herein. The holder of a junior mortgage has the right to invoke the benefits of this statute, even when the junior mortgage was executed within the twenty-year period and before the first mortgage had expired, and even where no rights of an innocent third party, such as a purchaser for value are involved. The holder of the second mortgage is protected by the statute and may plead it as a bar to the lien of the first mortgage, which has expired under the terms of the statute. *Aiken Mortgage & Realty Co. v. Altman* (S. C.), 189 S. E., 217; *Hill v. Hilliard,* 103 N. C., 34, 9 S. E., 639, L. R. A., 1918-C, 1020, note.

It is clear that the lien of the mortgage held by the appellant was barred for the reasons that twenty years had elapsed after the date of its maturity and that the provisions of the statute in question had not been complied with; and that the plaintiff as a holder of a junior mortgage upon the premises, is entitled to the protection and the benefits of the statute, and that her mortgage lien ranks as the only lien created by the statute, upon the premises; and that the

mortgage lien claimed by Mary M. Delaney is barred. The exceptions in regard to this point must be overruled.

The second issue made by the appellant is stated by appellant as follows: "The question of equity is whether although a junior mortgagee might ordinarily have the right to plead Section 8864 in bar of the lien of a senior mortgagee, such junior mortgagee is not equitably estopped under the facts of this case from doing so."

This exception raises the issue of equitable estoppel. By referring to the opinion in *Aiken Mortgage & Realty Company v. Altman, supra,* it was held that it was unnecessary for this Court to decide whether estoppel will apply in cases of this kind and on that point the Court reserves its decision. In the case at bar the Circuit Judge and the Master both held that under the facts in the case the plaintiff is not, by her conduct, equitably estopped from pleading the statute. Therefore, the question of fact cannot be made an issue on appeal to this Court in this case where the concurrent findings by the Master and the Circuit Court are to the contrary. We think, for the reason stated by the Circuit Judge, which we quote below, the second question must be answered against the appellant. The Circuit Judge held on this point as follows: "Counsel for Mrs. Delaney strongly contends that the plaintiff is equitably estopped from pleading the statute against the Delaney mortgage, but I fail entirely to see how there was any estoppel against the plaintiff. She owed no duty whatever to Mrs. Delaney, either to pay her mortgage or to inform her of the existence of the twenty year statute. It is true that it was Mr. Moffett's duty to pay the Delaney mortgage out of the Thomlinson loan, but this was a duty he owed to Mrs. Thomlinson and not to Mrs. Delaney and his failure to discharge it was a wrong to Mrs. Thomlinson and not a wrong to Mrs. Delaney. Nor can I see any room for the application of the principle that when one of two innocent parties must suffer from the

wrongdoing of a third person it should be the party who has put it in the power of the third person to commit the wrong. Certainly, Mr. Moffett's failure to pay Mrs. Delaney did not arise out of the fact that Mrs. Thomlinson had made a loan on the property covered by the Delaney mortgage."

The third and last issue raised by the appeal cannot be sustained.

Appellant's counsel frankly admits that the constitutional question sought to be made by the exceptions on this point is raised for the first time here, and was not passed upon by the Court below. There is no sound reason for the Court now to declare the satute nugatory and in conflict with the Constitution, and thereby disturbing the lien of every mortgage of real estate and judgment lien in this state, under the well-settled line of decisions upon this section of the Code, for the purpose of saving the appellant from loss under her mortgage. The attack upon the constitutionality of the statute cannot be lightly made, and the hardship which now falls upon the appellant does not justify the Court in considering this question, though raised now for the first time. Appellant states that it is not contended that Section 8864 is now unconstitutional, but admits that the statute now applies to every mortgage; and that by an act approved March 5, 1924, 33 St. at Large, page 990, the provisions excepting railroads and corporations was stricken out. It seems clear, therefore, that the appellant had more than seven years, after the Act of 1924, in which to conform to the requirements of the law by entering on the record of her mortgage before its expiration, some note of payment on account or some acknowledgment of debt secured thereby, which she failed to do, and it cannot be said that this was not a reasonable time, even if the Act of 1924 is given a retroactive operation, as is pointed out in the recent case of *Minnie C. Boyd v. F. H. Boyd et al.,* 189 S. E., 794, de-

cided February 5, 1937, by this Court. All exceptions, therefore, are overruled, and the judgment below is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.