15346

ROBINSON v. WATSON *ET AL.*

(18 S. E. (2d), 215)

*Mr. John C. Henry,* of Greenville, for appellant,

*Messrs. Mann & Arnold,* of Greenville, for respondents,

Counsel for appellant,

December 29, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

This action for the foreclosure of five real estate mortgages was commenced by service of the summons and complaint on the appellant mortgagor on June 15, 1936, and *lis pendens* was filed on June 8, 1936. There were other defendants, subsequent grantees of portions of the mortgaged premises and judgment creditors of the mortgagor, some of whom defaulted and none appealed. The original plaintiffs were H. P. and C. M. McGee, trustees of the estate of B. M. McGee, and H. P. McGee is described as the legally qualified and active trustee. He was very old and in declining health and died in 1938 at the advanced age of eighty-eight. Afterward by Court proceeding the respondent was named successor trustee. Then an order of the Circuit Court was passed on March 29, 1940, consented to by the appellant's attorney, reciting the aforementioned death of the active trustee, H. P. McGee, the pendency of this action, the appointment and qualification of respondent as trustee of the B. M. McGee estate and substituting him as such as plaintiff in the action in the place of the former trustees and directing that the action proceed with such substitution with a proper amendment of the title thenceforth.

Meanwhile the appellant, the mortgagor, had answered the complaint and consented to a general order of reference. In his answer he admitted the various mortgages, but alleged that there were uncredited payments derived from sales of portions of the mortgaged premises and demanded an accounting. Incidentally, personal judgments upon the various notes secured by the mortgages were waived in the complaint in conformity with the judicial sales Act. Act Feb. 10, 1936, 39 Stat., p. 1294.

Shortly after the substitution as plaintiff of the successor trustee the Master gave counsel ten days' formal notice of a reference on April 26, 1940, and a few hours before the scheduled time for such, appellant's counsel served upon plaintiff's counsel notice of a motion to amend the answer in order to allege that the liens of two of the mortgages were then barred under the provisions of Section 8864 of the 1932

Code for failure to enter on the record thereof an acknowledgment of the indebtedness or the notation of some payment within twenty years from the maturity dates and further to in effect set up laches and that the substitution of the present plaintiff was in fact the commencement of a new action after the expiration of twenty years from the maturity of the two mortgages mentioned.

The motion to amend was heard by the Master over the protest of plaintiff's attorneys and their objections that insufficient notice of the motion had been given, that the matters sought to be included in the amendments were proper to be included only in supplemental pleadings, that the action was commenced within twenty years from the maturity of the mortgages, etc. However, the Master permitted the amendment, considered and passed upon the defenses thereby set up and decided them against the appellant, and his well-reasoned report was confirmed in a formal decree by the trial Judge. Thus if the Master committed error in permitting the amendment of the answer, nevertheless no prejudice has resulted to the respondent and we consider it unnecessary to pass upon his appeal thereabout in view of our affirmance of the disposition below of the defenses of the appellant.

The appeal of the latter is based upon numerous exceptions, all of which not abandoned have been considered and will be disposed of in what will be said whether or not expressly referred to. Those which challenge the correctness of the findings of fact are overruled by application of the firmly established principle that concurrent factual findings of a Master or Special Referee and the trial Judge in an equitable action will not be disturbed by this Court if there is evidence to support them and they are not against the clear preponderance of the testimony. *Alderman v. Alderman,* 178 S. C., 9, 181 S. E., 897, 105 A. L. R., 102.

The disputed facts concern the claims of allegedly uncredited payments by the mortgagor. The record shows that he made a great many more such claims than could be substantiated, having had numerous other

transactions with the trustee, receipts for payments which he tendered as evidence of payments upon the indebtedness involved in this action. The Master had the aid of the services of a certified public accountant and the report is unusually long and painstaking; he heard the witnesses testify and had the advantage of personal observation of them. Like the Circuit Court, we are convinced that his findings should not be disturbed. *Karres v. Pappas,* 194 S. C., 512, 10 S. E. (2d), 15.

There is no merit in appellant's contention that the substitution of the present respondent as plaintiff in the action, after the running of the twenty-year statute upon two of the mortgages, under the circumstances above related, was in fact the commencement of a new action subject to the plea of the bar of the statute. There was no new cause of action set up as in *McSween v. Windham,* 104 S. C., 508, 89 S. E., 500, cited upon the point, and we think that appellant was correct in his attitude at that time, when he consented to the order of substitution which provided, as aforementioned, that the action thereupon proceed. Section 408, Code of 1932, and the several decisions cited in the footnote.

We come now to the gravamen of the appeal. Did the running of the twenty-year statute during the pendency of the action bar the foreclosure of the mortgages? The action was commenced and *lis pendens* filed after the expiration of approximately seventeen years from the maturities of them. We do not think that the question of laches properly arises for the express provision of the statute controls and, incidentally, it appears that the appellant has been rather the beneficiary of the delay on the part of plaintiff's predecessor trustee for it is undisputed that no interest has been paid on any of the mortgage debts since January 1, 1931, and likewise no taxes have been paid upon the property, from which appellant has meanwhile derived considerable rents and profits from his possession.

The statute in question, Section 8864 of the Code of 1932, was soon after its passage construed by this Court to create upon the lapse of the stated time (already an accepted doctrine of the common law, *Gregory v. Perry*, 71 S. C., 246, 50 S. E., 787), a presumption of payment of the liens and to prescribe the form and substance of the evidence necessary to rebut such presumption. *Henry v. Henry*, 31 S. C., 1, 9 S. E., 726. See also the late case of *Boyd v. Boyd*, 182 S. C., 498, 189 S. E., 794.

We find it also settled that the status of the lien and the effect of the statute are determined at the time of the commencement of a proper action to foreclose the lien or renew its period of activity. The point was decided in another early case, *Adams v. Richardson*, 32 S. C., 139, 10 S. E., 931, which involved the revival of the lien of a judgment wherein a proper proceeding therefor was commenced within the statutory period of twenty years from the date of the original entry but, in the words of the opinion, "from delays in the litigation * * * at the time this order [of revival and leave to renew the execution] was granted, the twenty years had expired; and it is urged that the judgment was then paid by operation of law, and therefore could not be revived." But the Court expressly declined to accept that view and likened the problem to that of counting time under a plea of the Statute of Limitations, and the rule was stated that the counting should stop at the commencement of the action, and it was said that the case should be considered as it stood when the proceeding was instituted.

There is an unbroken line of subsequent similar decisions which need not be cited in detail. One of them, which was a mortgage foreclosure as is the case in hand, is *Lyles v. Lyles*, 71 S. C., 391, 51 S. E., 113. The existence of the rule was recently recognized by this Court in *Aiken Mortgage & Realty Co. v. Altman et al.*, 182 S. C., 300, 189 S. E., 217.

If this were not the law, lienees would be inclined to curtail their indulgencies, and an improper premium would be put upon the efforts of lienors to delay the Courts in afford-

ing relief. It will not be held that either of these illogical and undesirable ends is within the intendment of the statute. But we need not search out the reasons for the rule; it is too well established for dispute.

The record contains two hundred and seventy-six pages. Of them the appellant was desirous of omitting about sixteen, to which elimination the respondent did not agree, whereupon the appellant appears to have deemed the case settled and he "excepted." But the case for appeal was not settled as contemplated by the rules of this Court and there is, therefore, no appeal thereabout for our consideration. See Rule 4, Section 7.

All exceptions are overruled and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE concur.