15674

WATSON v. GOLDSMITH
(31 S. E. (2d), 317)

*Mr. B. F. Martin* and *Mr. John C. Henry,* both of Greenville, S. C., Counsel for Appellant,

*Messrs. Mann & Arnold,* of Greenville, S. C., Counsel for Respondent,

Counsel for Appellant in Reply,

September 5, 1944.

Mr. Associate Justice Stukes delivered the unanimous Opinion of the Court:

Important background of this action and appeal is found in the prior proceeding for the foreclosure of five real estate mortgages, commenced by H. P. McGee as trustee of the B. M. McGee trust fund and concluded by C. E. Robinson as successor trustee (after the death of H. P. McGee) against the plaintiff in the present case. Decision of appeal in the first suit is reported in 198 S. C., 396, 18 S. E. (2d), 215, under the title of *Robinson v. Watson et al.*

The complaint in the instant action against the executor of H. P. McGee was served with summons on May 7, 1943, and recites at tedious length the creation and history of the B. M. McGee trust, the foreclosure action aforesaid and sets up alleged payments which it is claimed should have been credited upon the debts of plaintiff to the McGee trust, which were secured by the mortgages formerly foreclosed.

With painstaking care this· Court has compared and checked the alleged credits and has found from the testimony and master's report in the former action for foreclosure that the presently claimed items are identical with some of them asserted in the first action, upon which the issues were concluded against Watson upon the grounds that the alleged payments were never made or were properly credited by Mr. H. P. McGee upon obligations owing by Watson to the McGee trust estate or the several other obligations of his which H. P. McGee held in his individual or other representative capacity. The report of the Master of Greenville County, the Honorable E. Inman, in the first action, that of foreclosure against Watson, is unusually full, clear and convincing. It was confirmed by decree of the trial Judge and his decision was affirmed on appeal to this Court.

The present case is unusual in that the merits of it were considered and decided on demurrer, a course blazed by plaintiff by his fulsome references to the earlier case in his complaint and in argument. The agreed statement in the Transcript of Record for appeal contains the following:

"In this action plaintiff seeks an accounting for moneys alleged to have been collected by H. P. McGee as alleged trustee of the Plaintiff on six certain contracts, notes and mortgages, which moneys it is alleged should have been applied by the said H. P. McGee on five certain notes and mortgages made by plaintiff to B. M. McGee trust, of which trust H. P. McGee was the Trustee. Plaintiff seeks judgment, impressing these alleged funds with a trust in favor of the Plaintiff, and for judgment for the amount deter-

mined by the accounting. These same items were involved in a former foreclosure proceeding by the B. M. McGee trust against E. E. Watson, which was decided by the Supreme Court on December 20, 1941, and is reported in 198 S. C., 396, 18 S. E. (2d), 215. This opinion and the record in said appeal, which is extensively referred to in plaintiff's 'Amended Complaint' was used and the record referred to by attorneys for appellant and the defendant in the hearing before Judge Dennis on the demurrer."

The complaint is upon the alleged theory that H. P. McGee received the claimed payments, disallowed by the judgment in the first action, and failed to properly apply them to plaintiff's obligations held by him as trustee of the B. M. McGee trust, whereupon, it is said, he became the trustee of plaintiff and his private estate should now account for the alleged payments. For a better understanding of plaintiff's present claim, the following is quoted from his complaint in the action now before the Court:

"9. * * * This said general plan of collection and application was in recognition of and pursuant to the rights of the said B. M. McGee trust estate to have the proceeds of such sales of all the lands applied first to the preferred liens of the said five (5) mortgages hereinabove referred to.

"10. The said H. P. McGee made collections upon the principal sums of the said six (6) contracts, notes and mortgages, referred to in paragraph 9 hereinabove and in exhibit 'B' and interest thereon, items that should have been by him applied to the payment of the five (5) notes and mortgages referred to in paragraph 8 hereinabove and in 'Exhibit A', but he never applied said items to the payment thereof; and this plaintiff is entitled to have said H. P. McGee and his estate and his Executor account, as Trustee, to him and pay same over to him; and the said items (with appropriate dates of payment) are set forth in the attached Exhibit 'C', which is made a part of this complaint.

"That said items were not so applied was adjudicated by decree of this Court, by Hon. Wm. H. Grimball, Presiding Judge, dated 12th day of April 1941, in an action brought against this plaintiff and others, in the year 1936, by said H. P. McGee and C. M. McGee, as Trustees of the B. M. McGee estate, and continued after the death of the said H. P. McGee, by C. E. Robinson, as such Trustee, same appearing on file in the office of the Clerk of said Court in judgment roll E-9190 * * *.

"The collections so made upon the principal sums of the said six (6) contracts, notes and mortgages, and the interest thereon, benefits accruing to and enriching the said H. P. McGee, his estate and his executor, are and should be impressed with a trust in favor of this plaintiff * * *.

"11. The Plaintiff alleges, on information and belief, that at no time prior to the institution of said foreclosure suit by H. P. McGee, as Trustee of the estate of B. M. McGee, did said H. P. McGee commit any act in violation of, nor did he have any intention to violate, the rights either of said trust estate or of this plaintiff under the law as to the proper application of the funds to the said prior liens."

It should be said parenthetically at this point that in the answer of Watson in the previous foreclosure action he sought the same relief in another form and forum, expressly that all credits to which he was entitled upon the mortgage indebtedness be ascertained and determined and that the plaintiff in that action be required to make an accounting thereof. Thus the factual issues in the two actions are identical.

One of the exceptions made by Watson in his appeal before, overruled by this Court, was as follows:

"Because his Honor, the Circuit Court, erred in confirming Master's Report, holding that defendant-appellant is not entitled to judgment on credits for $6,121.46, as of proper date, and disallowing same on the following claims: (1)

Bruton Temple Church; (2) Prince Nesbit; (3) Moses Young; (4) Jeff Zimmerman; (5) Sam Goodjoin; (6) John H. Butler; and (7) misapplication of a certain credit of $373.40 as of December 21, 1939 (?), to Isbell mortgage; whereas defendant-appellant showed conclusively that a trust relation, a fiduciary relation, existed between' himself and plaintiff H. P. McGee, as Trustee of B. M. McGee estate, as to all of same, rendering it incumbent on said Trustee to account and show that he had complied with his trust relation toward defendant-appellant and had legally and properly disbursed or paid over such funds after defendant-appellant traced such funds into his hands."

There were other exceptions which specified in more detail the same claims of Watson which are now again attempted to be made in the instant action, and which met the same fate as that just quoted.

Demurrer to the present complaint was sustained upon the most of its alleged grounds and the Circuit Court held (recounting that the record in the former foreclosure action was referred to extensively before it by plaintiff's attorneys) that plaintiff's theory that H. P. McGee was his personal trustee is untenable in view of the fact that McGee was acting in such transaction as the trustee of the B. M. McGee trust, plaintiff's creditor; and that the claims now made are *res adjudicata* in view of the former action, and the complaint was dismissed. The appeal therefrom must also be dismissed and the judgment of the Circuit Court affirmed.

Appellant argues that H. P. McGee was in the nature of his banker and that when funds were paid to him for credit upon plaintiff's obligations and were allegedly not so applied, McGee became plaintiff's personal trustee and his estate should now, in his place account; and that the former adjudication of the failure of the proof of such payments, when undertaken by plaintiff to be made against the B. M. McGee trust, is not now binding upon plaintiff who is attempting to assert liability against H. P. McGee himself or

his representative, his executor, and not against the B. M. McGee trust, and that his failure to establish the payments against the latter does not bar him from claiming them against H. P. McGee's individual or private estate.

But the banker analogy does not hold upon examination. If A owes a bank an obligation and claims to have made payments thereon to the cashier or one in his place and in a subsequent suit by the bank the Court investigates the claims and finds them unfounded, that the claimed payments were not made and that the bank is entitled to recover despite A's claims, he cannot thereafter sue the cashier in an effort to establish liability upon him personally or as trustee for A arising from his alleged failure to apply the claimed payments. A is plainly estopped by the judgment in the former action, which is the case of Watson here. He has had his day in court, and society is interested in an end of litigation.

This result is not necessarily dependent upon the precise existence of all of the elements of the legal doctrine of *res judicata*. It rests more on equity. Estoppel rests generally on equitable principles, which *res judicata* does not, but upon the two maxims which were its foundation in the Roman law, *memo debet bis vexari pro eadem causa* (no one ought to be twice sued for the same cause of action) and *interest reipublicae ut sit finis litium* (it is the interest of the state that there should be an end of litigation.) Contemporary laymen devised a possibly uncomplimentary comment, *res judicata facit ex albo nigrum, ex nigro album, ex curvo rectum, ex recto curvum* (a decision makes white black; black, white; the crooked, straight; the straight crooked). Were they living today they would doubtless cite with satisfaction *New York Life Ins. v. Chittenden & Eastman*, 134 Iowa, 613, 112 N. W., 96, 11 L. R. A. (N. S.), 233, 120 Am. St. Rep., 444, 13 Ann. Cas., 408, where a life insurance company paid a policy to the administrator of the insured, who had disappeared more than seven years before;

upon his reappearing, the company brought an action against the administrator for the proceeds of the policy, but it was held that the judgment was *res judicata* on the question of the death of the insured and of the liability of the defendant. *Vide, Manigault v. Holmes,* Baily Eq., 283. *Res judicata* is rather a principle of public policy than the result of equitable considerations, which latter estoppel is. 2 Bouv. Law Dict., Rawle's Third Revision, 2910. See also, 30 Am Jur., Judgments, 910-913.

The fallacy in plaintiff's position lies in his effort to ■ retry the issue of the claimed, uncredited payments (which was formerly tried and concluded against him and the judgment affirmed on appeal to the court of last resort) by changing the legal status of H. P. McGee, to whom the payments are alleged to have been made, from that of trustee of the McGee trust fund which he was when the payments are said to have been made and in which capacity he brought the former suit, to that of an individual, and this by plaintiff's allegation alone. There is no apparent reason or justice in this effort to obtain a second trial, after a former unsuccessful one, of the identical issue.

The alleged cause of action is the fact of the claimed payments which appellant says he made to McGee, but he said the same by way of defense in the former action and, after trial, the Court held that all such payments which were made were properly credited. The only way McGee could have become trustee for appellant under the latter's theory was to have received and failed to credit the payments claimed, and it was adjudicated in the first action that he did not do so. Thus appellant's present allegation of the trusteeship of McGee is in the teeth of the former judgment by which appellant is bound and estopped. And without that inconsistent assumption and allegation the case falls squarely within the established principles of *res . judicata.* See South Carolina cases in 20 S. E. Dig., Judgment, Key 540, p. 645 *et seq.*

A further consideration impelling affirmance of the sustention of the demurrer is that plaintiff practically pleaded himself out of court in the eleventh paragraph of his complaint, quoted hereinabove. In evident attempt to avoid the bar of the Statute of Limitations it was alleged, in effect, that McGee committed no unlawful act before the commencement by him as trustee of the foreclosure action, which belies the contention that he breached a trust by misapplication or conversion of the alleged uncredited payments.

Appellant offered his evidence of the contended credits in the first action, claiming that the payments had been made by him to McGee as trustee, and the Court tried the issue and found that all payments which had been made had been properly credited. If the disputed items had been paid to McGee, such would have entitled plaintiff to an adjudication thereof and credit in that action. The facts of the alleged payments were, therefore, tried and cannot in justice to McGee's estate be tried again in this subsequent suit.

Appellant cannot say that his presently alleged cause of action arose only after it was determined in the first action that his claimed payments were not credited on his obligations. It is the facts which give rise to a cause of action or defense and they had, of course, transpired when the first action was commenced. *Livingston v. Sims*, 197 S. C., 458, 15 S. E. (2d), 770; *Johnson v. Carolina Life Ins. Co.*, 200 S. C., 308, 20 S. E. (2d), 713.

"An estoppel by record is the preclusion to deny the truth of matters set forth in a record, whether judicial or legislative, and also to deny the facts adjudicated by a court of competent jurisdiction." 19 Am. Jur., 601. To same effect, 31 C. J. S., Estoppel, § 4, p. 193. It is binding on parties and those in privity with them. 31 C. J. S., Estoppel, § 10, p. 195. Plaintiff, appellant here, was a party, a defendant, in the former action. "It is generally

held that a subsequent independent action for affirmative relief is barred by a judgment in a prior action in which the matter forming the basis for the claim for relief was interposed as a defense." 30 Am. Jur., 935. 83 A. L. R., 648, annotation. "Under this rule matters alleged by way of defense to an action, and fully negatived by the judgment therein, cannot afterward be made the basis of a new action by the former defendant against the former plaintiff, even though in the subsequent action the complaint amplifies the former defense by stating the evidence to prove it." 34 C. J., 855.

The exceptions are overruled and the judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.