15715

NORTON v. PLANTERS FERTILIZER & PHOSPHATE CO.
ET AL.

(33 S. E. (2d), 247)

120

*Mr. C. T. Graydon* and *Mr. L. H. Andrews,* both of Columbia, S. C., Counsel for Appellant,

*Mr. Samuel Want* of Darlington, S. C., Counsel for Respondent,

February 19, 1945.

MR. ASSOCIATE JUSTICE OXNER delivered the unanimous opinion of the Court:

This is an appeal from an order of the Circuit Court requiring appellant to reply to an answer interposed by respondent to appellant's complaint, and from a further order of the Court sustaining a demurrer to, and striking out as sham and frivolous, the reply made pursuant to said order, and dismissing the action. For a proper understanding of the issues on appeal, it will be necessary to state the contents of the pleadings and briefly review the various motions with reference thereto and the orders thereon.

This action was commenced in December, 1943. Omitting formal and immaterial matters, the allegations of the complaint are substantially as follows: That plaintiff, J. M. Norton, became indebted to defendant Planters Fertilizer & Phosphate Company (hereinafter referred to as the "Company") in the sum of $5,458.08, which was secured by a chattel mortgage on the crops, livestock and farming implements belonging to plaintiff; that on or about November 1, 1937, this indebtedness was increased to $7,332.73, at which time the plaintiff executed a promissory note in favor

of the Company for that amount, payable December 1, 1937, and as additional security executed a real estate mortgage covering 1147 acres of land situate in Marlboro County; that during November, 1937, in accordance with a previously formed conspiracy between the Company and its codefendant, Paul V. Hardy, to defraud the plaintiff of his equity in said property, the Company proposed to the plaintiff that he convey to it all of said chattels and lands; that to induce the plaintiff to do so, the Company falsely represented that with "its vast sales force and power" it could sell said property much more advantageously than could be done by plaintiff under a contemplated plan by him to enlist the services of an auctioneer to sell said property in small parcels; that no sales would be made without first consulting the plaintiff and securing his confirmation, and further stating that if plaintiff refused to agree to this arrangement, the Company would foreclose the mortgages; and that, relying on these representations, plaintiff executed a deed conveying said real estate to the Company with the distinct understanding that the Company was merely holding title as agent of the plaintiff and would account to him for the proceeds of sale after payment of the mortgage indebtedness. It is further alleged in the complaint that on December 10, 1937, shortly after the execution of said deed, the Company, in furtherance of said conspiracy and in violation of the trust and confidence imposed in it by the plaintiff, and without his knowledge or consent, conveyed the property to Hardy, which was a subterfuge to create the appearance of his being an innocent purchaser for value, thereby rendering it more difficult for plaintiff to recover said property; and that the plaintiff remained in possession of the lands until about February, 1938, when he was informed by the local manager of the Company that the property had been sold to third parties and it would be necessary for him to leave the premises. Plaintiff alleged that he was entitled to the possession of the property, which was worth far more than the

mortgage indebtedness, and accounting by defendants for all money received. In the prayer of the complaint plaintiff asked that the conveyance to Hardy be set aside, that the deed executed by him be declared a mortgage, and that an accounting be had and judgment awarded against defendants for the amount found to be due.

The record does not disclose what steps, if any, were taken by defendant Hardy to defend the action, or what, if any, disposition was made of the case as to him. He is not a party to this appeal and may be dismissed from further consideration. The Company demurred to the complaint on certain grounds which are not material to the questions involved in this appeal, and also filed an answer setting up separately five defenses.

In the first defense, the defendant admitted that the plaintiff owed to it certain indebtedness, which was secured by the mortgages referred to, and alleged that said conveyance was made to it in satisfaction of said indebtedness. It admitted that the property was reconveyed by it to another, which it claimed it had had a right to do. All other allegations of the complaint were denied. In the second defense, there is set out an affidavit made by plaintiff on December 15, 1937, to the effect that the conveyance was made to the Company as a deed and not as a mortgage and that the Company had unconditional title to the premises.

In the third defense, this defendant alleged that in November, 1938, plaintiff commenced an action against it, defendant Hardy and one Covington, who was an agent of the Company, in which damages were sought in the sum of $25,000.00 and that the material allegations of the complaint were almost identical with those contained in the complaint in this action. It alleged that the former action was terminated by an order of the Circuit Court, dated March 18, 1939, which is then set out. This order, after reciting "that all claims by the plaintiff against the defendants have been settled", is as follows: "It is ordered: That the above styled

cause be and the same is hereby declared settled and ended. It is further ordered, adjudged and decreed that Paul V. Hardy is the owner of the tract of land described in the Complaint free of any claim thereto or thereon by J. M. Norton whatsoever." It was consented to by plaintiff and his then attorney (the attorney in that proceeding does not appear for the plaintiff in the present action).

It is also alleged in this third defense that as further evidence of the settlement between the parties to that action, the plaintiff, on March 15, 1939, executed a release under seal wherein for valuable consideration he acknowledged payment and complete settlement of all claims against the defendants in said action, and consented for an order to be taken ending the action "as settled." This release was witnessed by the attorneys for both parties. The defendant set up "the aforementioned proceedings as *res judicata* of all of the issues involved in the present cause, and the aforementioned release as a further complete bar in the premises."

For a fourth defense the defendant alleged that by reason of the foregoing facts, the plaintiff was estopped to maintain the present action. For a fifth defense, it was alleged that the plaintiff had failed to return, or offer to return, the consideration received by him in the aforesaid settlement, and that such failure constituted a bar to the maintenance of the present action.

The defendant made a motion to require the plaintiff to reply to the new matter set up in the answer. This motion and the defendant's demurrer to the complaint were heard together before the trial Judge. He thereafter filed an order requiring the plaintiff to reply to the defendant's answer and declined to make a final ruling on the demurrer.

Thereafter, in compliance with this order, the plaintiff filed a reply. In this reply the existence of the Court order referred to in the third defense is not denied, nor is it claimed that the Court was without jurisdiction, it being only stated that a certain portion of said order was "purely *dicta*" and

that said order "in so far as it attempts to adjudicate the sub-ject-matter of this action is not binding or of any legal force or effect." No reason is assigned why the order was without force and effect. In further reference to the plea of *res judi-cata,* the plaintiff alleged "that the two actions are entirely separate and distinct causes of action, arising out of the same transaction and are in no way inconsistent with each other, but that both are entirely consistent." In reference to the re-lease plaintiff alleged that it "was a legal fraud upon the Court by reason of the matters and things set forth in the complaint." In replying to the fifth defense which alleged that the plaintiff had not offered to return the consideration of said release, plaintiff alleged that no tender or offer to return the consideration was necessary, but if the Court held such to be necessary, the plaintiff would tender same or deposit it with the Clerk of Court prior to the commencement of the actual hearing of the matter. We deem it unnecessary to refer to the reply made by the plaintiff to the other portions of the answer.

The defendant demurred to this reply on the ground that the facts therein set out were insufficient to constitute a re-ply to the respective defenses to which they were directed. Defendant also moved to strike said reply upon the ground that same was sham, irrelevant and redundant, giving notice that in support of said motion, counsel would exhibit to the Court at the hearing the various documents described in the answer. Thereafter the demurrer to the reply and the motion to strike were heard and after considering the pleadings and the various exhibits, the Court held that any cause of ac-tion set forth in the complaint was barred by *res judicata* and by the release and compromise settlement between the parties, and sustained the demurrer to the reply and also granted the motion to strike.

Appellant's counsel state in their brief that the questions involved are (1) whether the complaint states a cause of

action, and if so, (2) whether such cause of action is barred by the adjudication in the former action.

The first question referred to was never finally determined by the trial Judge. He made no adjudication respecting the sufficiency of the complaint. While he was of opinion for certain reasons assigned in the order that the complaint did not state a cause of action, after expressing such opinion, he said: "In order, however, that all questions which the plaintiff may desire to raise may be brought before me before any final order is made, I am leaving this subject open for the time being." He then proceeded to order the appellant to reply to the answer.

In considering the second question, we have carefully compared the complaint in the former action with the one in this action and find that the material allegations are substantially the same. The gravamen of each action is found in the allegations that the deed from appellant was procured by fraud, in pursuance of a scheme on the part of the defendants to cheat the appellant and deprive him of his property in order to enable them to make a large profit from same. The only material difference between the two actions is that the former is one at law for damages and the present one is in equity. The parties are identical with the exception that Covington was not added as a party defendant in the present action. There is an identity of the subject-matter. Substantially the same testimony would be necessary in both cases. The consent order of adjudication was in settlement of the precise question sought to be raised in the present action. All the essential elements of *res judicata* are present. *Smith v. Volunteer State Life Insurance Co.*, 201 S. C., 291, 22 S. E. (2d), 885; *Watson v. Goldsmith*, S. C., 31 S. E. (2d), 317.

The fact that the judgment in the former action was by consent does not render it less effective as a bar. 34 C. J., page 779, Section 1198 and page 787, Sec-

tion 1205; *Weathersbee v. Weathersbee,* 82 S. C., 4, 62 S. E., 838; *Hyman v. McLendon,* 4 Cir., 140 F. (2d), 76. Nor does the fact that the former action was one at law and the instant action one in equity prevent the former adjudication from being a bar to the maintenance of the present action. "A final judgment on the merits in an action at law will bar any further action between the same parties on the same cause of action in a court of chancery." 34 C. J., page 761. There are certain exceptions to this general rule but none of them is applicable here. The rule is stated in Restatement of the Law—American Law Institute—Judgments, page 273, as follows: "If in an action at law judgment is given for the defendant on the merits for any reason other than one applicable only to an action at law, the plaintiff is precluded from maintaining thereafter a suit in equity upon the same ground." Also see *Forsythe v. McCreight,* 10 Rich. Eq., 308; *Edings' Executor v. Whaley's Adm'rs,* 1 Rich. Eq., 301; *Singleton v. Cuttino,* 107 S. C., 465, 92 S. E., 1046.

In addition to the foregoing, it is clear that the appellant is barred by the compromise settlement and release executed by him. It does not appear from the reply that this release was procured by fraud or is invalid for any other reason. The release does not state the amount of the consideration. It is stated in appellant's brief to be $100.00. It is obvious that appellant could not avoid this release until he returned or offered to return whatever consideration was received by him under such compromise settlement. *Taylor v. Palmetto State Life Insurance Co.,* 196 S. C., 195, 12 S. E. (2d), 708.

Certain other exceptions relate to alleged error on the part of the Circuit Judge in requiring the appellant to reply to the new matter set up in respondent's answer. This question is not included in the statement of the "questions involved" contained in appellant's brief and

it is not discussed elsewhere in the brief. We may, therefore, regard it as abandoned. We may state, however, that we think the lower Court was entirely correct in requiring appellant to reply to this new matter. Section 471, Code of 1942. It is apparent that the reply of appellant to respondent's answer was frivolous and constituted no defense to the new matter interposed. Under these circumstances, the new matter, constituting a complete bar to appellant's cause of action, stood undenied and under the pleadings as they then stood, in accordance with established practice it was proper to dismiss the action.

We close this discussion with the following language of Mr. Justice Stukes in *Watson v. Goldsmith, supra* [205 S. C., 215, 31 S. E. (2d), 391], which we think is applicable to appellant: "He has had his day in court, and society is interested in an end of litigation."

All exceptions are overruled and the judgment below affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and TAYLOR concur.