**Dorothea Alice BALES and Donald Bales, Plaintiffs/Appellants,**

v.

**Charles KAVANAUGH, et al., Defendants/Respondents.**

No. WD 35824.

Missouri Court of Appeals, Western District.

April 2, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 28, 1985.

Application to Transfer Denied Aug. 7, 1985.

C. Michael Fitzgerald, Fitzgerald, Fitzgerald & Carter, Warrensburg, for plaintiffs/appellants.

David E. Pettyjohn, Wm. Dirk Vandever, Popham, Conway, Sweeny, Fremont & Bundschu, P.C., Kansas City, for defendants/respondents.

Before TURNAGE, C.J., and MANFORD and LOWENSTEIN, JJ.

TURNAGE, Chief Judge.

Dorothea Bales and her husband, Donald, filed suit for damages against Samuel H. Shurback and Jamie Wade, as trustees of Charles Kavanaugh, D.D.S., P.C., a forfeited corporation. The court later permitted the Bales to file an amended petition which named as defendants Charles Kavanaugh, Jamie Wade, and Eddie J. Smelcer, as trustees of Charles Kavanaugh, D.D.S., P.C., a forfeited corporation. The court thereafter dismissed the amended petition because the statute of limitations had run. The Bales contend that because the original suit was filed within the statute of limitations, the substitution of Kavanaugh and Smelcer as trustees of the forfeited corporation for Shurback after the statute of limitations had run did not constitute naming a new party, and thus the amended petition relates back to the filing of the original petition. Reversed and remanded.

The original petition, filed on April 30, 1982, alleged that on May 13, 1980, Dorothea Bales received an electrical shock to her lip and tongue because of the dentist's

negligent operation of an x-ray machine, and as a result she suffered severe injuries. The original petition named as defendants Samuel H. Shurback and Jamie Wade, as trustees of Charles Kavanaugh, D.D.S., P.C., a forfeited corporation, and included other parties who the Bales have since dismissed.

The record reveals that on November 10, 1981, the Bales' attorney had contacted the Secretary of State to obtain information concerning Samuel H. Shurback, D.D.S., P.C. The Secretary's records revealed that this professional corporation was incorporated October 16, 1978, and its name was changed to Charles Kavanaugh, D.D.S., P.C., on November 21, 1980. The records further disclosed that the certificate of the corporation had been forfeited on January 1, 1981, for failure to file the annual registration report. The records showed that Samuel H. Shurback was the president, vice president, treasurer, and sole director of Charles Kavanaugh, D.D.S., P.C., and Jamie Wade was the secretary. The record on appeal in this case does not reveal whether Charles Kavanaugh, D.D.S., P.C., has since filed the annual certificate required by § 356.180, RSMo 1978.[1]

After the original petition was filed, Samuel Shurback was served with process, and on December 28, 1982, Shurback filed a third-party petition against Charles Kavanaugh as an individual. The court sustained Kavanaugh's motion to dismiss the third-party petition.

Shurback, as trustee of Charles Kavanaugh, D.D.S., P.C., filed a motion to dismiss, and the court dismissed Shurback as trustee for the corporation because Shurback was not an officer or director of the corporation when its charter was forfeited.

On November 1, 1983, the court granted the Bales' motion for leave to file a first amended petition. This petition named as defendants Charles Kavanaugh, Jamie Wade, and Eddie J. Smelcer, as trustees of Charles Kavanaugh, D.D.S., P.C., a forfeited corporation, as well as General Electric Company.[2] The Bales alleged that General Electric had manufactured the x-ray machine which the dentist allegedly misused, which resulted in Dorothea receiving an electrical shock from the machine.

Prior to filing their first amended petition, the Bales took Eddie Smelcer's deposition. Smelcer stated that he was a Certified Public Accountant and was the assistant secretary of Charles Kavanaugh, D.D.S., P.C. Smelcer stated that Charles Kavanaugh had been elected president of the corporation, but that he had no records showing that fact and did not know of anyone who would have such records. Smelcer had nothing further to indicate when Kavanaugh had been elected president. Smelcer was aware that the corporate charter had been forfeited on January 1, 1981, for failure to file the annual report. He further stated that Jamie Wade was the secretary of the corporation. That is the extent of the information contained in this record as to the names of the officers and directors of Charles Kavanaugh, D.D.S., P.C., at the time its charter was forfeited on January 1, 1981.

The court dismissed the petition as to Charles Kavanaugh and Eddie Smelcer as trustees because the statute of limitations had run.

The Bales contend that the first amended petition relates back to the filing date of the original petition because the claim asserted in the amended pleading arose out of the same occurrence as that alleged in the original petition, i.e., the injury Dorothea received while she was at a dental clinic owned by Charles Kavanaugh,

---

1. All sectional references are to Missouri's Revised Statutes, 1978.

2. The cause of action remains pending against General Electric. However, the dismissal of the trustees of Charles Kavanaugh, D.D.S., P.C., be-

cause the statute of limitations had run constituted a final judgment for purposes of appeal. *Klippel v. Watkins,* 667 S.W.2d 28, 30[5–7] (Mo. App.1984).

D.D.S., P.C., formerly named Samuel H. Shurback, D.D.S., P.C. The Bales contend that the substitution of Kavanaugh and Smelcer as trustees for Shurback as trustee did not change the party against whom the claim was asserted within the meaning of Rule 55.33(c), and thus the amended petition would relate back to the original petition filing date. Kavanaugh and Smelcer contend that they are persons different from Shurback, therefore, naming them in the first amended petition in place of Shurback did change the party against whom the claim was asserted.

Rule 55.33(c) provides that whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, the amendment relates back to the date of the original pleading. The rule also provides the circumstances when an amendment will relate back if it changes a party against whom a claim is asserted. The parties do not dispute that the occurrence alleged in the amended petition is the same occurrence alleged in the original petition. Thus, the only question is whether changing the names of the trustees of a forfeited corporation constitutes a change of party.

No Missouri case has been cited or located on this question, however, several cases from other jurisdictions are relevant. In *Kyes v. Pennsylvania Railroad Co.*, 158 Ohio St. 362, 109 N.E.2d 503 (1952), the ancillary administrator brought an action for wrongful death within the statute of limitations. After the statutory time expired, the court permitted the administratrix, who was a different person, to be substituted for the ancillary administrator. The court stated that the cause of action remained unchanged and that the named plaintiff was acting merely as a nominal or formal party or statutory trustee. 109 N.E.2d at 505[1]. The court held that the substitution was proper and the amendment related back to the date the original petition was filed.

In *Robinson v. Watson*, 198 S.C. 396, 18 S.E.2d 215 (1941), the court held that the substitution of a trustee for a deceased trustee after the running of the statute of limitations related back to the filing of the original petition and prevented the statute of limitations from barring the action.

The substitution of Charles Kavanaugh and Eddie Smelcer for Samuel Shurback, as statutory trustees, did not constitute a change of party because the party whose assets were involved was still Charles Kavanaugh, D.D.S., P.C. Section 356.190 provides that the trustees of a forfeited corporation will be jointly and severally responsible only to the extent that the corporation's property and effects have come into their hands. Thus, Kavanaugh and Smelcer were sued only in their representative capacity and were only nominal or formal parties with no personal liability. Under *Kyes* and *Robinson,* the substitution of one person in a representative capacity for another person in a representative capacity does not change the party against whom the claim is asserted.

Another reason exists why a change of party did not occur in this case. The original petition named Charles Kavanaugh, D.D.S., P.C., a forfeited corporation, as the defendant, with Samuel Shurback and Jamie Wade as its trustees. Based on the Secretary of State's records, that information was and still is accurate. For that reason, there was probably no need for the amended petition.

However, § 356.190 provides that the directors and officers *in office* when a forfeiture occurs shall be the trustees of the corporation and have the power to sue and be sued (emphasis added). There is no requirement that the Secretary of State be notified each time a change occurs in the officers and directors of a corporation. Section 356.180 requires each corporation to file an annual certificate during the month of July which lists the names and addresses of all officers, directors, and

shareholders of that corporation as of June 30. That section was not complied with in this case and the charter of Charles Kavanaugh, D.D.S., P.C., was forfeited. It was thus reasonable for the Bales' attorney to rely upon the Secretary of State's records and to name as the trustees of the forfeited corporation the officers and directors as shown by such records.

■ This leads to the conclusion that this suit was filed within the statute of limitations, and named as the trustees of the forfeited corporation the persons shown in the Secretary of State's records. The court erred in dismissing the suit as to Shurback, as trustee for Charles Kavanaugh, D.D.S., P.C., when Shurback and Wade were the only officers listed with the Secretary. While the statute provides that the officers and directors in office at the time of forfeiture become the trustees, Bales was entitled to rely on the information shown in the Secretary of State's office.[3] When a suit names as trustees those shown in the Secretary's records, the suit is not subject to attack for naming the wrong trustees. Upon evidence being presented that other officers and directors were in office at the time of forfeiture, those persons may be substituted and the amendment will relate back to the filing date of the original petition.

■ Kavanaugh and Smelcer contend that even if a change of party did not occur, the Bales were required to use due diligence in securing service on them. Kavanaugh and Smelcer were not added as defendants in the Bales' suit until November 3, 1983, and they argue that this demonstrates the Bales' lack of diligence in securing service. As discussed previously, the original petition, which named the statutory trustees as shown by the records of the Secretary of State, was filed within the period of limitations. The Bales' delay in

naming Kavanaugh and Smelcer as statutory trustees was brought about by the corporation's failure to file the annual certificate required by law. The Bales learned that Kavanaugh was president of the forfeited corporation only by discovery after filing the suit. To allow Kavanaugh and Smelcer to take advantage of the corporation's failure to file the required certificate with the Secretary of State, which certificate would show the actual officers and directors of the corporation, would be a miscarriage of justice. *See Bryant Electric Co. v. Joe Rainero Tile Co.*, 84 F.R.D. 120, 123 (W.D.Va.1979).

■ This court holds that the substitution of Charles Kavanaugh and Eddie Smelcer, as statutory trustees of Charles Kavanaugh, D.D.S., P.C., for Samuel Shurback, as statutory trustee of the same forfeited corporation, did not change the party against whom the claim was asserted. Therefore, the statute of limitations did not run because the amended petition relates back to the filing of the original petition.

The judgment is reversed and this cause is remanded. On remand the Bales may proceed against whoever may finally be determined to be the statutory trustees of Charles Kavanaugh, D.D.S., P.C. Any further substitution in the names of the statutory trustees of Charles Kavanaugh, D.D.S., P.C., will relate back to the filing date of the original petition.

All concur.

---

**3.** Kavanaugh signed the change of name affidavit by which the name of the corporation was changed from Samuel H. Shurback, D.D.S., P.C., to Charles Kavanaugh, D.D.S., P.C. However, this did not suffice as a certificate required under § 356.180, nor was it a corporate record showing an election of officers and directors and the beginning of their terms of office.